IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

QuEST LLC, )
                Plaintiff, )
vs. ) No. 06-0180-CV-W-FJG
Pavani Nalliah, )
d/b/a San Diego Exchange, )
                Defendant. )

# ORDER

Pending before the Court is defendant's motion to dismiss (Doc. No. 3). Defendant argues that (1) this Court is not a proper venue for this lawsuit, and (2) this Court does not have jurisdiction over defendant.

**I.  Venue**

Defendant states that the venue statute applicable to this matter, 28 U.S.C. § 1391(a), provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Defendant notes that it does not reside in this judicial district, and instead is a resident of California (thereby making subsection (1) of Section 1391(a) inapplicable). Defendant also states that, because an action could be brought against defendant in the Southern District of California, where he resides, subsection (3) of Section 1391(a) is inapplicable. Defendant further states (without providing evidentiary support or analysis) that a substantial part of the events in this lawsuit did not occur in the Western District of Missouri, thereby making subsection (2) of Section 1391(a) inapplicable as well.

Plaintiff responds that (1) the machine sold by defendant that is the subject of this lawsuit is located in Kansas City Missouri; (2) the alleged fraudulent misrepresentations were directed at plaintiff in Missouri, plaintiff's reasonable reliance on the misrepresentations occurred in Missouri, the funds used to pay for the machine came from Missouri, and the company and its employees that suffered losses were located in Missouri. See Complaint, Doc. No. 1, and Ex. 2 to Doc. No. 11, ¶ 3. Therefore, plaintiff states it meets the standards of 28 U.S.C. § 1391(a)(2) for demonstrating proper venue.

To survive a motion to dismiss for improper venue when no evidentiary hearing is held, the plaintiff need only make a prima facie showing of venue. Catholic Order of Foresters v. U.S. Bancorp Piper Jaffray, Inc., 337 F.Supp.2d 1148, 1154 (N.D. Iowa, 2004). Here, plaintiff has made such a showing, through its complaint and its affidavits. Therefore, defendant's motion to dismiss for improper venue (Doc. No. 3) is **DENIED.**

**II.     Jurisdiction**

Defendant argues generally that this Court does not have jurisdiction over defendant, stating that plaintiff's complaint is based on a one-time business relationship between the parties, wherein the contacts took place through the e-Bay auction site. Defendant reiterates that it is a California citizen, and states that it was not aware it was dealing with a Missouri customer.[1] Defendant concludes, "As a California individual who sold a $3,500 item located in Georgia through a California based internet auction site, Defendant should not be subjected to the jurisdiction of this Court under these facts and circumstances." See Doc. No. 4, p. 3.[2]

---

[1] Notably, defendant does not provide any affidavits in support of its assertion that it was unaware it was dealing with a Missouri resident. The e-mail that plaintiff sent defendant prior to purchasing the machine that is the subject of this lawsuit includes plaintiff's telephone number with an 816 area code. See Doc. No. 1, Ex. 2.

[2] Defendant cites no legal authority in support of its argument that this Court has no jurisdiction over it.

2

In plaintiff's response (to which defendant filed no reply), plaintiff sets forth an affidavit indicating that defendant conducts transactions with another business in Missouri, to such an extent that defendant should be subject to the general jurisdiction of this Court. See Lakin v. Prudential Sec., 348 F.3d 704, 707 (8th Cir. 2003)(noting that a prima facie case of general jurisdiction can be made if there is a showing that defendant has "substantial" and "continuous" contacts with Missouri). Further, plaintiff states that specific jurisdiction is present in that plaintiff's representative sent an e-mail to defendant specifically asking what year the machine was manufactured, and an agent of defendant responded with inaccurate information that led plaintiff to purchase the machine. Plaintiff states that this intentionally tortious conduct was directed at this forum in a manner sufficient to constitute purposeful availment of this forum so as to satisfy jurisdictional requirements. See Wein Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999).

After considering the parties' briefs, the Court finds that plaintiff has sufficiently asserted prima facie evidence of this Court's personal jurisdiction over defendant. See Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 646-47 (8th Cir. 2003) (providing that to defeat a motion to dismiss for lack of jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction). Defendant has provided no affidavits or other evidence that contradict plaintiff's assertions. In these circumstances, defendant's motion to dismiss for lack of jurisdiction (Doc. No. 3) will be **DENIED.**

**IT IS SO ORDERED.**

                                          /s/ FERNANDO J. GAITAN, JR.
                                          Fernando J. Gaitan, Jr.
                                          United States District Judge

Dated: July 11, 2006.
Kansas City, Missouri.